UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT MERRIWEATHER,

        Plaintiff,

                                      Case No.  04-71706

v.

                                        District Judge Gerald E. Rosen
                                        Magistrate Judge R. Steven Whalen


T. A. ZAMORA, et al,.

        Defendant.

_____ /

## REPORT AND RECOMMENDATION

      Before this Court is a *Motion for Summary Judgment* [Docket #65], filed on June 29,

2007 by Defendants Harry Baugher, Daniel Bridge, Kevin Doaks,  Kimberly Tomich, Dena

Ellis, John Awlward, James Davenport, Brian Dutton, Scott Beaudrie, Frank Finch, Tess

Zamora, Steve Culver, and Don Vroman, which has been referred for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).    For the reasons set forth below,

I recommend the following:

      1. The Motion should be GRANTED as to Defendants Harry Baugher, Daniel Bridge,

Kevin Doaks, Kimberly Tomich, Dena Ellis and John Aylward, and the Complaint

DISMISSED WITH PREJUDICE as to those Defendants.

      2.  The Motion should GRANTED IN PART AND DENIED IN PART as to James

Davenport, Brian Dutton, Scott Beaudrie, Frank Finch, Tess Zamora, Steve Culver, and Don Vronman, as follows:

A..  Summary Judgment as to claims represented by Exhibits 3, 5-6, 11-12, 19, 27, 28, 32, 36 of the Complaint should be GRANTED, and those claims should be DISMISSED WITH PREJUDICE..

B.  Summary Judgment as to claims represented by Exhibits 7, 8, 10, 13-14, 17-18, 21, 22, 24, 27, 28, 30-31, 33, 35 and 36 of the Complaint should be DENIED.[1]

3.  Plaintiff's request for injunctive relief should be DISMISSED as moot.

## I.  FACTUAL BACKGROUND

Plaintiff, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at Milan Federal Detention Center, proceeding in forma pauperis, filed this *Bivens*[2] action on May 12, 2004, alleging that Defendants, either mail room employees or supervisors at FCI -Milan, violated his First, Fifth, and Sixth Amendment rights by opening correspondence from the courts, the Department of Justice, and various attorneys in his absence, despite  his repeated requests that mail room employees open his legal mail only in his presence.  He alleges that he complained "diligently and continuously" that his legal mail from various courts, the

---

[1]Plaintiff submitted 41 exhibits with the Complaint, each representing a piece of mail that he claims was improperly opened by prison personnel.  The district court previously dismissed claims as to the mail represented by the exhibits not discussed herein.

[2]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)

Department of Justice, and his attorneys was being opened in his absence by mail room personnel, but received only sarcastic and dismissive comments. *Complaint* at ¶¶5-6.

Plaintiff claims that on October 20, 2003, he presented mail room staff a copy of *Sallier v. Brooks,* 343 F. 3d 868 (6th Cir. 2003), a case which recognizes First Amendment violations implicit in the mistreatment of inmates' legal mail. *Complaint* at ¶6. He claims that Defendant Zamora, a mail room supervisor, responded by stating that "we do not follow case laws, we only follow BOP policy." *Id.* He contends that 41 pieces of legal mail were opened outside of his presence between October 12, 2001 and March 11, 2004 by the Defendant mail room employees. *Id*. at ¶7.

## II. PROCEDURAL BACKGROUND

Plaintiff originally brought suit against Defendants Zamora, unknown mail room employees (later named as above), former and current wardens John Hemingway and H.J. Marberry, Bureau of Prisons Regional Director G.L. Hershberger, and Bureau of Prison' National Administrator of Inmate Appeals Harrell Watts. On August 23, 2004 the Honorable Gerald E. Rosen dismissed Defendants Hemingway, Marberry, Hershberger, and Watts [Docket #7]. On September 1, 2004, Plaintiff named the twelve defendants originally listed only as "unknown mail room employees."

On May 4, 2005, this Court filed a Report and Recommendation to deny Defendant Zamora's motion to dismiss, finding as follows: First, of the 41 pieces of mail at issue, Exhibits 8, 22, 27, 28, 35 and 36 (copies of the envelopes containing the alleged legal mail) conformed to the requirements of BOP P.S. 5265.11 by listing the attorney's name in the

return address along with a statement that the enclosed material was legal mail. *Docket #41* at 9. Second, the Court found that Exhibits 3, 10, 11, 13, 14, 17, 18, 21, 24, and 33 conformed to P.S. 5265.11 by listing an individual sender, and included the appropriate warning that the enclosed correspondence is legal/special mail, thus rejecting Defendant Zamora's argument that because the envelopes failed to state affirmatively, directly following the senders' names, that the individual senders are attorneys, the mail should not be accorded legal mail status.[3] *Id.* Third, the Court found that because Exhibits 30 and 31 included the attorney's name and address along with the statements "Attorney/Client Privilege", "CONFIDENTIAL," and "SPECIAL LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE," the documents were protected. *Id.* at FN7. Fourth, the Court found likewise that claims were not dismissible as to Exhibits 6, 12, 19, and 32, where the return address states a law firm or legal aid organization but does not list an individual, but nonetheless contained the "legal mail" notification.[4] Finally, the Court found that because

---

[3]Specifically, the Court stated as follows as to Exhibits 3, 10, 11, 13, 14, 17, 18, 21, 24, and 33:

> "Only an extreme hypertechnical and literalist reading of BOP P.S. 5265.11 could lead a rational trier of fact to conclude that the above exhibits failed to comply with the regulation. At the very least, these exhibits present a question of fact not appropriate for consideration in a motion for dismissal."

*Docket #41 at 9.*

[4]Defendants' present motion notes that this Court did not address Exhibits 5, 9, 26. *Docket #65* at FN1. Exhibit 5, which contains the return address of a legal organization as well as a "legal mail" warning would not be dismissible for the same reasons given with regard to Exhibits 6, 12, 19, and 32. Because Exhibits 9 and 26 do not include a "legal mail" warning as required by BOP P.S. 5265.11, the opening of this mail cannot constitute a constitutional violation.

the envelopes displayed in Exhibits 1, 2, 4, 15, 16, 20, 23, 25, 29, 34, 37, 38, 39, 40, and 41 did not indicate "legal mail," "open only in presence of inmate," or substantially similar language, they were not accorded constitutionally protected status.   This Court's recommendations were adopted by the district court on September 30, 2005. *Docket #45.* Consistent with these findings, on May 24, 2006, this Court recommended denial of a motion for judgment on the pleadings by Defendants Baugher, Bridge,  Doaks, Tomich, Ellis, Awlward, Davenport, Dutton, Beaudrie, Finch, Culver, and Vroman. *Docket #51.*  The Court also found that although Defendants Culver, Awlward, Bridges, Tomich, Doaks, and Baugher argued for dismissal on a lack of personal involvement, "these assertions . . . unaccompanied by affidavits by these Defendants, in and of itself are not sufficient to grant their motion." *Docket #51* at 15.  The Recommendation was adopted on September 21, 2006. *Docket #55.*

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it

is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## IV. ANALYSIS

In this case, the question of summary judgment requires an examination of two issues:

(1) is there a question of fact as to whether any of the articles of mail, represented by the exhibits submitted by the Plaintiff, were protected from unauthorized opening, and were opened outside the Plaintiff's presence, and (2) regarding the mail that may have been improperly opened, what was the involvement of each individual defendant?

### A. Mail Exhibits / Compliance With BOP Policy[5]

Courts have uniformly recognized that prisoners hold an interest in confidential attorney communication. "We find that the prisoner's interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process and, therefore, that as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights." *Sallier v. Brooks*, 343 F.3d 868, 877 (6th 2003). *See Kensu v. Haigh,* 87 F.3d 172, 174 (6th Cir.1996) ("The right of a prisoner to receive materials of a legal nature, which have impact upon or import with respect to that prisoner's legal rights and/or matters, is a basic right recognized and afforded protection by the courts."). "[A] prisoner's right to receive mail is protected by the First Amendment and . . .the attorney-client relationship is shielded from unwarranted intrusion in criminal settings by the Sixth Amendment." *Sallier,* 343 F.3d at 878.

In *Wolff* v. *McDonnell,* 418 U.S. 539, 576-577, 94 S.Ct. 2963, 2985 (1974), the Court found that while inmates' legal mail should be opened only in their presence, their rights were

---

[5]Plaintiff originally presented 41 exhibits, each representing a piece of mail opened outside of his presence. All exhibits omitted from discussion in this Report and Recommendation were previously found to be either non-legal mail or non-compliant with BOP requirements.

subject to reasonable prison regulations, stating that tempering confidentiality interests with reasonable safety restrictions was "entirely appropriate." *Id.* at 576, 2985. *See also, Parrish v. Johnson,* 800 F.2d 600, 603 (6th Cir. 1986) ("In order to maintain prison security and to check for contraband, prison officials may, pursuant to a uniform and evenly-applied policy, open an inmate's incoming mail"). *Wolff* held that allowing staff to open attorney mail was permissible as long as the inmates were present. *Id.*

### 1. Exhibits 3, 5-6, 11-12, 19, 32

Defendants argue for dismissal of claims pertaining to legal correspondence represented in Exhibits 3, 5-6, 11-12, 19, and 32 because the return address, while listing a law firm or legal organization name, did not provide the name of an individual attorney. *Docket #65* at 8 (*citing* 28 CFR § 540.19). Defendants submit the Affidavit of Jon D. Loftness, Executive Assistant to the Regional Director for the North Central Regional Office of the BOP, stating that "[b]y requiring an attorney to identify themself (sic) by name allows Inmate Systems Management staff to easily verify that the sender is in fact who they represents (sic) themselves to be." *Docket #65*, Exhibit B at ¶¶7. Loftness' Affidavit states further that he is aware of at least one incident in which a non-lawyer, in possession of law firm letterhead, attempted to send an inmate unmonitored correspondence. *Id* at ¶8.

BOP regulations state that "[f]or incoming correspondence to be processed under the special mail procedures [including attorney mail] . . . the sender must be adequately identified on the envelope, and the front of the envelope must be marked 'Special Mail--Open only in the presence of the inmate. " BOP P.S. 5265.11. When these requirements are met, 5265.11

requires that "the Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of an enclosures as special mail."

The prisoner is responsible for ensuring that his incoming mail is properly marked:

> "The inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney, and the front of the envelope is marked Special Mail--Open only in the presence of the inmate. Legal mail shall be opened in accordance with special mail procedures."

28 C.F.R. § 540.19(b).

Under *Wolff, supra*, both BOP P.S. 5265.11 and 28 C.F.R.§540.19(b) are reasonable restrictions that ensure prison security. The Loftness Affidavit (first presented to the Court in the present motion) shows that strict adherence to the § 540.19(b) requirement that legal mail include an attorney name is appropriate. *Wolff*, 418 U.S. at 576-577. Thus, because Exhibits 3, 5-6, 11-12, 19, and 32 indicate a return address without an attorney's name, claims as to these exhibits should be dismissed.

### 2. Exhibits 10, 13-14, 17-18, 21, 24, 30-31, 33

Defendants argue that Exhibits 10, 13-14, 17-18, 21, 24, 30-31, 33 were non-compliant with 28 CFR § 540.19(b) because although attorney's name was listed, it was not directly followed by a statement that the individual was an attorney. *Docket #65* at 8. Defendants rely on Defendant Steve Culver's Affidavit stating that "[t]his indication is usually made by including after the name the phrase 'attorney' or 'attorney at law.'" However, I note that in Exhibits 10, 13, 14, 17, 18, 21, 22, 24, 33, the attorney's name is directly followed by the name of his firm or legal organization and a stamp indicating that

the mail in question should be opened only in presence of the inmate. Moreover, Exhibits 30 and 31, while listing the attorney's name directly followed by only a street address, are nonetheless stamped with "Attorney/Client Privilege," "CONFIDENTIAL," and "SPECIAL LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE." Defendant Culver's statement that the sender's identity as an attorney "is *usually* made by including after the name the phrase 'attorney' or 'attorney at law,'" (emphasis added) is insufficient to establish that the senders were non-compliant with 28 CFR § 540.19(b). As required by that regulation, the envelopes were marked with the attorney's name, and a clear indication that the person was an attorney. Thus, Defendants have not shown that claims pertaining to Exhibits 10, 13, 14, 17, 18, 21, 22, 24, 33 should be dismissed.

### 3. Exhibits 27, 28, 36.

Defendants have presented affidavits indicating that the three envelopes represented here were actually opened in the presence of Plaintiff, contrary to the Plaintiff's allegations in his Complaint and in the affidavit submitted with his response to this motion. *Docket #65*, Exhibit J at ¶3; Exhibit Q at ¶2; Exhibit R at ¶2. There is no dispute that the mail was properly designated attorney correspondence. There being a question of fact as to whether the mail was opened in the Plaintiff's presence, summary judgment should be denied as to these three exhibits.

### 4. Exhibits 7, 8, 22, 35

Defendants, relying on a previously raised argument, concede that four pieces of properly marked legal mail were mishandled by staff, but argue that Exhibits 7, 8, 22, and

35 represent only "isolated" incidents insufficient to support a constitutional claim. *Docket #65* at 11.

Although an "isolated incident" of improper mail handling does not constitute a violation of constitutional magnitude, *see Morgan v. Montanye,* 516 F.2d 1367, 1370-72 (2nd Cir.1975), an allegation that legal mail has been impermissibly opened on even three occasions states a constitutional claim. *See Castillo v. Cook County Mail Room Dept.* 990 F.2d 304, 306 (7th Cir. 1993). *See also Bieregu v. Reno,* 59 F.3d 1445, 1452 (3rd Cir. 1995) (prisoner's allegation that the Defendant had improperly opened his legal mail fifteen times, including five times in a three month period, alleged a "practice and pattern" sufficient to overcome a summary judgment motion).

Furthermore, Defendants contention that legal mail was mishandled on only four occasions over the course of 15 months is undermined by the fact, as discussed above, the evidence shows that another 13 pieces of mail (Exhibits10, 13-14, 17-18, 21, 24, 27, 28, 30-31, 33 and 36) were mishandled within the same time frame.[6] Thus, exhibits 7, 8, 22 and 35 are four out of a total of 17 pieces of mail that were arguable opened improperly, and therefore, claims relating to those exhibits should not be dismissed.

**B. Individual Defendants**

Having delineated the particular exhibits that survive summary judgment, I will now

---

[6] Exhibits 13-14, 17-18, 21, 22, and 24, for example, show that Plaintiff's legal mail was improperly opened outside his presence on seven occasions between June 20 and July 29, 2003.

address the liability of the individual Defendants *vis-a-vis* those exhibits.

### 1..  Baugher, Bridge, Doak, and Tomich

Defendants Baugher, Bridge, Doak, and Tomich deny mishandling Plaintiff's legal mail, each submitting affidavits stating that "their involvement with incoming inmate mail was limited to delivering already-opened and inspected general mail to the housing units." *Docket #65* at 4; *Id.*, Exhibits D, E, F, G.  Defendant Tomich, while indicating that she worked in the mail room during a week long training period in 2004, states that as a trainee, she "did not make any decisions about whether a particular piece of mail qualified as special/legal." *Id.* Exhibit G at ¶3.

Based on statements by these Defendants, dismissal is appropriate.  "In order to state a claim under *Bivens,* a plaintiff must allege that the individual defendant was *personally involved* in the alleged deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina,* 311 F.Supp.2d 606, 608 (E.D.Mich.2004)(Gadola, J.)(emphasis in original); *Nwaebo v. Hawk-Sawyer,* 83 Fed.Appx. 85, 86 (6th Cir.2003) (*citing to Rizzo v. Goode,* 423 U.S. 362, 373-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  These Defendants, having submitted sworn statements indicating that their job duties did not include inspecting legal mail, are entitled to dismissal.

### 2.  Defendants Ellis and Aylward

Defendant Ellis, a Legal Instruments Examiner ("LIE") for the BOP has stated that although she was employed to "complete sentence computations," handle detainer [and] release issues, and respond to law enforcement inquiries" she would be "pulled to work the

mail room on days when the mail was particularly heavy." *Id.,* Exhibit H at ¶¶1-2. She states further that she was "instructed that BOP policy requires that in order for mail to be processed as legal/special, it must have a special/legal mail stamp, and if from an attorney, the sender must be identified along with an indication that the sender is an attorney." *Id.* at ¶2. She states further that "if something were questionable," she would consult a supervisor, adding that "most often the mail had already been sorted and legal mail set aside before I assisted with inspecting it for contraband." *Id.* Defendant Ellis further contends that she does not recall reviewing any of Plaintiff's legal mail. *Id.* at ¶4.

Defendant Ellis's statement that she worked in the mail room on an occasional basis allows for the possibility that she may have opened some or even all of Plaintiff's legal mail. However, assuming for the sake of argument that her actions rise to the level of a constitutional violation, her statement clearly indicates that she is entitled to qualified immunity.

*Higgason v. Stephens*, 288 F.3d 868, 876-877 (6th Cir. 2002) sets forth a three-part test to determine whether a government official is entitled to the defense of qualified immunity: (1) was there a violation of a constitutionally protected right; (2) was that right clearly established at the time; and (3) has the plaintiff alleged and shown by sufficient evidence that what the official allegedly did was objectively unreasonable? "If the plaintiff fails to establish any one of these elements, qualified immunity must be granted." *Meals v. City of Memphis, Tenn*., 493 F.3d 720, 729 (6th Cir. July 11, 2007); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir.2005).

Assuming the presence of a well established constitutional violation satisfying the first two prongs of *Higgason*, Defendant Ellis has demonstrated that her behavior was not objectively unreasonable. Because her mail room work was limited to "days when the mail was particularly heavy," she sorted mail as "instructed by those in my department who routinely processed mail and by the supervisors of the department." *Docket #65*, Exhibit H at ¶2. Her deference to regular mail room employees' and supervisors' guidance in determining the requirements for legal mail cannot be characterized as unreasonable. Accordingly, Defendant Ellis should be dismissed.

Because Defendant Aylward, also a LIE, states that "[o]n the rare occasion [he] was involved in the sorting process, [he] did not make the determination of whether an item qualified as special/legal," but instead "referred any possible legal mail back to an ISO [Institutional Systems Officer] or supervisor." *Docket #65*, Exhibit H at ¶3. Because Aylward has presented unrefuted evidence that he did not commit any of the alleged constitutional violations, he should be dismissed.

### 3. Defendants Davenport, Dutton, Beaudrie, and Rich

Defendants Davenport, Beaudrie, and Rich all acknowledge that their work responsibilities include identifying special/legal mail. [7] An examination of affidavits by these

---

[7]Docket #65, Exhibit M states that Defendant Dutton is presently incapacitated and "unable to conduct any business." *Id*. at ¶3. However, Defendant Culver's Affidavit includes a statement that "Mr. Dutton's conduct with regard to processing inmate [mail] is commensurate with that of the other ISO's. He strives to follow policy and I am unaware of any occasion where Dutton knowingly opened inmate mail that qualified as legal/special." *Id*., Exhibit A at ¶21. Assuming that Dutton's involvement was equivalent to that of

ISOs indicates none of these Defendants is entitled to qualified immunity. *Docket #65*, Exhibits J, K, L.   All three ISOs state they have been instructed that legal mail must include the attorney's name, a stamp indicating that the mail in question is legal mail, and "an indication that the person named is an attorney." *Id*.; Exhibit J at ¶2.; Exhibit K at ¶2; Exhibit L at ¶2.

Defendants' interpretation and implementation of the requirements of 28 CFR § 540.19 is clearly unreasonable.  Section 540.19(b) states that  [t]he inmate is responsible for advising any attorney that correspondence will be handled as special mail only if the envelope is marked with the attorney's name and an indication that the person is an attorney." An examination of the disputed mail shows that these Defendants apparently required that the "indication that the person is an attorney" directly follow the attorney's name - a requirement absent from Regulation.

For example, Defendants argue that Exhibit 33 fails to indicate that the sender is an attorney.  However, the envelope represented by this exhibit contains the following information:

> JON GRAY NOLL
> NOLL LAW OFFICE
> *[street address]*
> *[city, state, zip code]*

In addition, the envelope in question contains the following stamps:

CONFIDENTIAL

---

Defendants Davenport, Beaudrie, and Rich he is not entitled to qualified immunity.

ATTORNEY/CLIENT PRIVILEGE

SPECIAL LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE

The above exhibit clearly states that the envelope contains legal mail, the name of the sender, and an indication that the sender is an attorney as evidenced by the "Attorney/Client Privilege" stamp. Defendants' evident requirement (although not argued explicitly here) that "attorney at law," or some equivalent must *directly* follow the sender's name, exceeds the requirements of §540.19(b). Moreover, although Defendant Finch indicates that FCI Milan's legal mail protocol "is to get it processed in a timely manner while abiding by BOP policy," none of these Defendants have offered reasons why placing the indication that the sender was an attorney elsewhere on the face of the same envelope would prevent the timely processing of legal mail. *Docket #65*, Exhibit K at ¶3.

In support of FCI-Milan's mail room practices, Defendant Finch states that "[o]n one occasion, I processed a piece of legal mail that, when opened in the inmate's presence, contained a Christmas card," which "had nothing to do with an attorney/client relationship." *Id*. at ¶4. However, he does not state whether the envelope in question was properly marked as legal mail and more significantly, fails to supply any reason why placing the attorney's title directly following his name would have prevented this particular abuse of the attorney/client privilege.

Summary Judgment should be denied as to Defendants Davenport, Dutton, Beaudrie and Rich

### 4. Defendants Culver, Zamora, and Vronman

Likewise, because Defendants Culver, Zamora, and Vronman applied the same stringent and unreasonable interpretation of §540.19(b) they are not entitled to qualified immunity. They argue that as supervisors of the Inmate Systems Department, they "assisted with the actual mail processing only on rare occasions." *Docket #65* at 6. However, they acknowledge that "[t]hey were available for consultation if any of the mail handlers had a question, including those regarding special/legal mail." *Id.* Defendants Zamora and Vronman admit that they were aware that Plaintiff complained on multiple occasions that his legal mail was being opened outside of his presence. *Id.*; Exhibit C at ¶11; Exhibit N at ¶7. Defendant Vronman states that Plaintiff "often came to the ISM department to complain about his mail being opened," but that "the envelopes he showed me were not properly marked to qualify as special/legal." *Id.*, Exhibit N at ¶7. Similarly, Defendant Culver states that he was aware that Plaintiff "was informed of why his mail was not considered special/legal mail." *Id.*, Exhibit A at ¶20.

Most tellingly, as discussed above, Culver submits that Exhibit 33, *supra*, does not "meet BOP policy for special/legal mail," because the requirement that the sender identify himself as an attorney "*is usually made* by including after the name the phrase 'attorney' or "'attorney at law'" (emphasis added). However, because §540.19(b) does not forbid the sender from identifying his position elsewhere on the envelope, these Defendants' interpretation is clearly unreasonable. Summary judgment should be denied as to these Defendants.

### E. Intentional Conduct/Personal Involvement

Defendants argue that Plaintiff cannot prove that they intentionally opened his legal mail, contending that "mere negligence" is insufficient to sustain a Bivens claim. *Docket #65* at 15 (*citing Connor v. Helo,* 830 F.2d 193 (6th Cir. 1987)). However, this argument stands at odds with Defendants' acknowledgment that they processed the legal mail still in dispute pursuant to an unreasonable application of §540.19(b) rather than out of carelessness. First Amendment rights are "violated if the restrictions are implemented in an arbitrary or capricious manner." *Kalasho v. Caruso,* 2006 WL 2810691, *1 (E.D.Mich.2006); *Parrish v. Johnson,* 800 F.2d 600, 604 (6th Cir.1986).

In addition, Defendants argue that even if constitutional violations occurred, Plaintiff cannot show that they were personally involved in the opening of his legal mail. This argument fails for two reasons. First, Davenport, Beaudrie, Rich, Culver, Zamora, and Vronman all concede that they might have opened Plaintiff's legal mail pursuant to an unreasonable interpretation of §540.19(b). While the *possibility* that they mishandled the legal mail is insufficient to establish liability, it is impossible for Plaintiff assign responsibility to individual Defendants processing his mail outside of his presence without further information. Accordingly, should this Report and Recommendation be adopted, and because this Court "cannot determine with certainty the identity of the persons who opened the mail," the undersigned will order Defendants to "submit and file an Affidavit with the mail logs attached and the identity of the individuals who handled the mails, including the supervisors." *Kalasho,* WL 2810691, *2-3 (E.D.Mich.2006)(Hood, J.).

Finally, citing *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179 (1996)

-18-

Defendants contend that Plaintiff has not alleged actual injury to a criminal case, habeas corpus petition, or a civil rights action under 42 U.S.C. §1983 necessary for his First Amendment claims. However, Plaintiff brings not an access to the courts claim under *Lewis*, but a free-standing First Amendment claim based on improper opening of mail, and a Sixth Amendment claim based on interference with attorney-client communication in his criminal case. *See Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Parrish v. Johnson,* 800 F.2d 600, 603 (6th Cir.1986); *Sallier, supra; Wolff v. McDonnell, supra,* 418 U.S. at 576. Thus, there is no requirement of actual prejudice to litigation.

## F. Injunctive Relief

Plaintiff also requests that the Court enjoin Defendants from continuing to open his legal mail outside his presence. *Complaint* at ¶13. However, on August 30, 2007, Plaintiff notified the Court of an address change, indicating that he has been released from BOP custody. The fact that Plaintiff has been released from prison mandates dismissal of his claim for injunctive relief. "A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer." *Goldsborough v. Carlson,* 863 F.2d 48 (6th Cir. 1988).

## V. CONCLUSION

Therefore, I recommend as follows:

1. The Motion should be GRANTED as to Defendants Harry Baugher, Daniel Bridge, Kevin Doaks, Kimberly Tomich, Dena Ellis and John Aylward, and the Complaint DISMISSED WITH PREJUDICE as to those Defendants.

2. The Motion should GRANTED IN PART AND DENIED IN PART as to James Davenport, Brian Dutton, Scott Beaudrie, Frank Finch, Tess Zamora, Steve Culver, and Don Vronman, as follows:

A.. Summary Judgment as to claims represented by Exhibits 3, 5-6, 11-12, 19, 27, 28, 32, 36 of the Complaint should be GRANTED, and those claims should be DISMISSED WITH PREJUDICE..

B. Summary Judgment as to claims represented by Exhibits 7, 8, 10, 13-14, 17-18, 21, 22, 24, 27, 28, 30-31, 33, 35 and 36 of the Complaint should be DENIED.

3. Plaintiff's request for injunctive relief should be DISMISSED as moot.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 12, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 12, 2008.


S/G. Wilson
Judicial Assistant