UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MERRIWEATHER,

    Plaintiff,

Case No. 04-71706

v.

District Judge Gerald E. Rosen
Magistrate Judge R. Steven Whalen

T. A. ZAMORA, et al,.

    Defendant.
                                                 /

## REPORT AND RECOMMENDATION

Before this Court Plaintiff's *Motion for Summary Judgment* [Docket #67] filed June 29, 2007, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background as laid out in this Court's Report and Recommendation regarding Defendants' motion for summary judgment [Docket #65] is incorporated by reference.[1]

---

[1] In that Report and Recommendation, filed contemporaneously with this R&R, I recommended that the Defendants' motion for summary judgment be granted in part and denied in part.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. ANALYSIS

Plaintiff argues that summary judgment should be granted in his favor because the district court denied Defendants' motion for judgment on the pleadings as to claims that they opened his legal mail outside of his presence.

Plaintiff is not entitled to summary judgment. Viewing the evidence in the light most favorable to Defendants, a question of fact remains as to which Defendants actually opened his legal mail, requiring an examination of mail room employee logs/time sheets for the

applicable periods. Further, while the undersigned has found that seven Defendants are not entitled to qualified immunity at present,

> "a defendant does not lose his or her immunity simply because the qualified immunity issue cannot be disposed of on summary judgment. If the qualified immunity issue is not resolved at the summary judgment stage, it is subject to disposition during trial, on a directed verdict motion, or even after trial on a motion for a judgment notwithstanding the verdict."

*Ford v. Retter* 840 F.Supp. 489, 492 (N.D.Ohio1993)(*citing* Karen M. Blum, *Qualified Immunity: A User's Manual,* 26 Ind.L.Rev. 187, 209 (1993)). Because "historical facts material to the issue of qualified immunity remain in dispute, summary judgment is inappropriate." *Id*.

## **IV. CONCLUSION**

For the reasons stated above, I recommend that Plaintiff's Motion for Summary Judgment [Docket #67] be DENIED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 12, 2008.

S/G. Wilson
Judicial Assistant