ROBERT MERRIWEATHER,          CIVIL ACTION NO. 04-71706

     Plaintiff,

                      DISTRICT JUDGE GERALD E. ROSEN
                      MAGISTRATE JUDGE R.STEVEN WHALEN

v.

T. A ZAMORA,

     Defendant.

_____ /

## ORDER DENYING MOTION TO COMPEL

Before the Court is Defendants' Motion to Compel Discovery [Docket #60]. Defendants seek discovery of the correspondence contained inside envelopes reflected in Plaintiff's Exhibits 3, 5-14, 17-19, 21-22, 24, 26-28, 30-33 and 35-36.

On March 27, 2008, the District Judge adopted a Report and Recommendation, dismissing claims as to Exhibits 3, 5-6, 11-12, 19, 27, 28, 32 and 36. Therefore, the Defendants' discovery request is moot as to those Exhibits.

As to the remaining Exhibits, the Defendants argue that the Plaintiff has not shown that the contents of the envelopes are protected by attorney client privilege, and that in any event, the Plaintiff has waived any privilege by putting the correspondence in issue. As to the latter point, Defendants argue:

> "In order for plaintiff to state a claim for a violation of right to access to the courts, he must demonstrate an actual injury based on the defendants' conduct. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Without knowledge of the communications at issue, defendants cannot adequately assess whether plaintiff suffered any actual harm, or refute any claim of harm asserted by

plaintiff. Thus, defendants are entitled, at the very least, to know the identity and nature of the mailings at issue in order to assert any available defenses."

In a previous Report and Recommendation [Docket #81], I found that the remaining Exhibits 7-10, 13, 14, 17-18, 21-22, 24, 26, 30-31, 33 and 35 were envelopes that were properly marked as legal mail. However, I recommended denial of Plaintiff's motion for summary judgment because there was a question of fact as to which Defendant opened the legal mail, and because "historical facts material to the issue of qualified immunity remain in dispute." I did not find that the correspondence was not legal mail.[1]

Further, Plaintiff has appended a privilege log to his response to the present motion [*see* Docket #61] indicating that the remaining envelopes contained correspondence from attorneys Jerome T. Flynn, Jonathan E. Hawley, or Eric M. Schwing. He further states, "All of these Legal Mails is (sic) from my criminal cases, and at different phases, over the years, all but two was my atty. of record."

The Plaintiff has satisfied this Court that the contents of the envelopes is protected by the attorney-client privilege. In addition, contrary to the Defendants' argument, Plaintiff has not waived the privilege, because he does not appear to have raised a claim that he was denied his First Amendment right to access the Courts. Rather, he asserts a free-standing First Amendment/interference with mail claim, *see Wolff* v. *McDonnell,* 418 U.S. 539 (1974), and a Sixth Amendment violation, based on interference in the relationship with his criminal

---

[1] In *Kensu v. Haigh*, 87 F.3d 172, 174 -175 (6th Cir.1996), the Sixth Circuit held, "Therefore, we today define "legal mail" to include delivery of legal materials to a prisoner, properly and clearly marked as legal materials, via the U.S. Postal Service or alternative private courier services, and hand delivery." The Court held that such mail was protected from unauthorized opening by prison authorities.

lawyer. Further, even if there were a right of access claim in this case, the harm or damage in such a case is generally shown objectively by an inability to file a pleading, meet a deadline, etc. *See Kensu v. Haigh, supra*. The contents of pre-injury attorney correspondence would have little relevance.

Finally, to the extent that Defendants need to know "the identity and nature of the mailings," they have been provided with that information in the Plaintiff's privilege logs.

Accordingly, the Defendants' Motion to Compel Discovery [Docket #60] is DENIED.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 31, 2008.


S/G. Wilson
Judicial Assistant